# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**GENE MONTES, individually and on behalf
of persons similarly situated,**

          **Plaintiff,**

**-vs-**                                            Case No. 6:09-cv-2179-Orl-22DAB

**LUXOTTICA RETAIL NORTH
AMERICA, INC., a foreign corporation
doing business as LensCrafters formerly
known as Lenscrafters, Inc., a foreign
corporation,**

          **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration in a settlement fairness hearing on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 25)**
>
> **FILED:**      **March 18, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The Court is called upon to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA

violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on April 19, 2010 with counsel for both parties appearing by phone.

Based on the representations of counsel, Plaintiff was employed by Defendant as a lab manager. Doc. No. 1. Based on the presentation made at the hearing, the extent of Plaintiff's entitlement to overtime or status as an exempt employee was disputed by both sides, with Plaintiff seeking compensation for alleged overtime of fifteen hours per week for the previous two years; Defendant maintained that Plaintiff was not entitled to any overtime as an exempt employee, or at most if not exempt, to no more than five hours. The parties agreed to compromise with settlement to Plaintiff based on ten hours per week of overtime, doubled for liquidated damages, plus approximately $3,000. Defendant denied liability and settlement was reached in part in an effort to avoid the expense of the arbitration proceeding and litigation. The settlement to Plaintiff of $6,500

in unpaid wages and $6,500 in liquidated damages represents more than approximately $10,000 for ten hours for overtime. The parties have agreed that Defendant will pay Plaintiff's attorneys $11,000 in attorney's fees and costs, which is somewhat higher than in other FLSA cases; however, in this case, the Defendant filed a Motion to Compel Arbitration (Doc. No. 20), which was pending before the Court at the time of settlement. Plaintiff's counsel stated at the hearing that he and co-counsel accrued a total of 39.5 hours representing Plaintiff in this case. Subtracting average costs of the filing fee ($350) and service of process ($50), results in an average hourly rate of $268[1], within the range awarded by the Court. Under the circumstances of this case, the amount of time devoted and the hourly rates are not unreasonable.

Settlement in the amount of $13,000 to Plaintiff for unpaid wages and liquidated damages, and $11,000 for attorney's fees and costs is a fair and reasonable settlement. It is respectfully **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. Any other provisions or issues regarding the settlement agreement are outside the purview of the Court's analysis.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 19, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Shavitz represented that his hourly rate is $350 and Mr. Jones' rate is $225.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy